# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**v.**                                              Case No. 2:06mj21

**NORMAN ALBERTO FLORES,**

      **Defendant.**

## ORDER/OPINION

On September 26, 2006, came the United States by Stephen Warner, its Assistant United States Attorney, and Norman Alberto Flores, in person and by his counsel, L. Richard Walker, for a preliminary hearing on the criminal complaint filed against him on September 19, 2006, and for a hearing regarding detention pending further proceedings. Also came Johnnie L. Benningfield II, a certified Spanish language court and conference interpreter/translator. Thereupon, the Clerk administered the interpreter/translator oath to Johnnie L. Benningfield and to Defendant.

The Court determined Defendant had received a copy of the Criminal Complaint and had discussed it with his attorney, who does speak Spanish. Counsel for Defendant, however, asked that the Criminal complaint be read aloud in order that it be interpreted for Defendant by the certified translator, and the Court did so. From a colloquy with Defendant through the interpreter, the Court determined Defendant understood the charge pending against him and the statutory penalties he could face if indicted and convicted on that charge.

The Court then proceeded to hear evidence presented by the United States in the form of the sworn testimony of Angela Veronda, Special Agent with the Immigration and Customs Enforcement

Agency ("I.C.E.") in Charleston, West Virginia.

Upon consideration of the evidence presented and in accord with the oral findings made by the Court on the record of the hearing, the Court finds there is probable cause to believe that Defendant:

> Norman Alberto FLORES, at Moorefield, West Virginia did knowingly use a false attestation on a United States Department of Justice Employment Eligibility Verification Form (I-9), knowing that said attestation was false; to wit: FLORES falsely attested on the Form I-9 that he was "a citizen or national of the United States". In truth and in fact, Norman Alberto FLORES knew he was not a citizen or national of the United States in violation of Title 18 United States Code, Section(s) 1546(b)(3).

It is therefore **ORDERED** that Norman Alberto Flores be bound over for proceedings before a Grand Jury attending the United States District Court for the Northern District of West Virginia.

Regarding the issue of detention or release pending further proceedings, counsel for Defendant stated that Defendant was not contesting detention at this time.

The Court therefore **ORDERS** that Defendant remain in custody pending further proceedings in this case.

1. The defendant be, and he is hereby remanded to the custody of the United States Marshal pending further proceedings in this case;

2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court

proceeding; and

     5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

     DATED this 29 day of September, 2006.

     /s *John S. Kaull*
     JOHN S. KAULL
     UNITED STATES MAGISTRATE JUDGE